.THIS is the case of an ejectment. The only questions involved, relate to the boundary of the plaintiff’s tract, and the errors assigned .controvert the correctness of instructions given by the court, and of the verdict of the jury upon the trial.. Yet no principles new or difficult present themselves for this court. We do not perceive any error to the prejudice of the appellant, on the part of the court. Nor can we say that the verdict should have been set aside. Judgment affirmed with costs.
-A motion was made for a re-bearing on the following
PETITION FOR RE-HEARING, BY THE APPELLANT.
The appellant would respectfully petition the court for a reconsideration of this case, averring that he has no wish for one moment’s delay beyond what may be necessary for the attainment of substantia! justice, nor would he now obtrude himself upon the notice or patience of the court, did he not feel the most irresistible and unqualified conviction, that the court has misapprehended some of the important points arising in his ease, and which, when presenteil in their naked garb, wou!‘4 *55 require a very different decision from that lately rea-derccl. .
1st. He feels aggrieved by that instruction of the in-furior court, now affirmed by this, which misdirected the jury, by instructing them that a call in the appel-lees’ survey for a ‘‘ beech in William-Pope’s line,” was a cull for the line of his 900, and not a line of his 629 acre survey, thereby assuming as law, that which, though not proved, could only have been matter of fact when established by evidence, and of which thejury alone were the competent judges, upon proof being offered. This instruction, it is contended, was not only unjust.and illegal in itself; but it had an undue influence upon the jury, causing them to extend the lines of the appellees’ survey, to points to which they had not called, at which they had neither line nor corner, to trees proved not to be their corner, and by which they not only took land from the appellant, but embraced more than the appellees’ distance upon-their. south line, as-well as twenty-tWo acres more thairthe quantity called for in their survey. It further induced the jury to ■find for the appellees , a boundary wholly unsupported by proof, ip violation of law, and tq the positi^ injury ■of the appellant. It also caused the jury to extend the appellees’ eastern boundary line, inside William Pope’s 029 acre survey, in violation of their call to run with William Bryan’s line 228 poles, to a beech in William Pope’s line.
2d. The appellant complains of that instruction of the circuit court, as being much to his prejudice, which directed thejury that the appellees were not stopped by the existence of their corner, in running their eastern boundary line, provided they shonld be satisfied William Pope’s line of his 900 acre survey, was sufficiently established; but in that event, were to extend said line until a line drawn due west from its termination, would strike Fleming’s line, E. A. This instruction the appellant considers a manifest violation of law, in directing thejury to disregard the boundary of tbe.appellees’ survey, as appearing from a corner, should it be found to exist, and operated to the direct injury of the appellant, in causing the jury to extend the appellees’ boundary upon him, and to points and places where none was proved ever to have existed.
July 7.
Sharp, for appellant; Crittenden, for appellees.
3d. The inferior court also erred in refusing thó in* structions asked by the appellant, and by such refusal, subjected the jury lo the full force of those already objected tó, and which, when viewed together, influenced the jury to disregard the line running from figures 10 east, out of which a block of timber when taken and the growth counted, reached the precise dateo'f the survey of Oldham, under which the appellees claim, a circumstance remarkable in itself,- because no survey was made in that neighborhood as late as the year 1788, except that of William Oldham, as appears from inspect tion of the dates of the several surveys filed in this cause*
In the foregoing instances, your petitioner would respectfully intimate to the court, that serious errors to his prejudice have arisen, and that on account of the finding of the jury contrary to the evidence, and because of the erroneous instructions given them by the court, involving, as he conceives, principles not only- new, but at direct variance with the law which requires proof of boundary in cases of ejectment, the verdict ought to have been set aside. He, therefore, pray-s this court will reconsider his case.
Rut the courts on consideration, overruled the rriotion, and the judgment stands affirmed, (Judge Trimble dissenting.)